# Coleman's Appeal.

1. Where a defendant in an execution made a claim for the benefit of the exemption Act before the return day of the fi..fa. under which the levy was made, but owing to delay on the part of the sheriff, no appraisement was made until after the issue of a vend. ex. and until the morning of the day of the sale : *Held*, that defendant's right to the benefit of the exemption was not thereby defeated.

2. In such a case the defendant is not relegated to a suit against the sheriff, but is entitled to receive $300 out of the proceeds of the sale, the appraisers having certified that the land could not be divided.

April 18th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

[Coleman's Appeal.]

APPEAL from the court of Common Pleas of *Montgomery county :* Of January Term, 1883, No. 366.

This was an appeal by Peter F. Coleman from an order of said court, dismissing his exceptions to and confirming an appraisement of certain real estate, levied upon in execution, and awarding $300 of the proceeds of a sheriff's sale thereof, to the defendant in the execution, under his claim for exemption.

The facts of the case were as follows : On April 19th 1880, Peter Coleman obtained judgment in the common pleas of Montgomery county against T. Coleman for $1,300.   On March 27th 1882, $700 of this sum remained unpaid, and plaintiff issued a fi. fa. to June Term, 1882, under which the sheriff levied on certain lands of the defendant.   Before the return day of the writ, to wit, on May 9th 1882, the defendant gave the sheriff a written notice that he claimed the benefit of the exemption law out of the said real estate levied on, and demanded an appraisement thereof.   No notice was taken of this claim by the sheriff, who made return of the fi. fa., and a jury of inquisition condemned the said real estate, which the court confirmed. The plaintiff then issued a writ of vend. ex. to sell the real estate levied on, and the sheriff accordingly advertised it to be sold on August 23d 1882.   On the morning of the sale the sheriff appointed three appraisers, who certified that the said real estate could not be divided so as to set off a tract of the value of $300, " and that the sum of $300 due the defendant under the exemption act shall be paid to the defendant out of the proceeds of said real estate ; that is to say that the defendant's interest in said real estate under this appraisement is $300."

The plaintiff filed exceptions to said appraisement, inter alia :

" Because said appraisement is illegal and void in that it was not made under the fi. fa. issued on the judgment of the plaintiff *v.* the defendant, and because it was made at a time when the sheriff could not hold it, to wit : long after the writ of vend. ex. was issued under which the sale was made of defendant's real estate, and on the day of the sale, without notice to the plaintiff in the execution."

The court, BOYER, P. J., dismissed the said exceptions, and confirmed the appraisement, on the authority of Seibert's Appeal, 23 P. F. S. 359 ; whereupon the plaintiff took this appeal, assigning for error the said order of the court.

*B. E. Chain* and *Henry Freedley*, for the appellant, cited, Bowyer's Appeal, 9 Harris 210.   The plaintiff was entitled to notice of the meeting of the appraisers.   The Act does not contemplate an ex parte proceeding but a judicial proceeding, of which the plaintiff, whose rights are to be affected, must have

[Hamilton's Appeal.]

notice: Seller's Estate, 82 Pa. St. 153; Hufman's Appeal, 81 Pa. St. 331.

*Chas. Hunsicker*, for the appellee, relied on Seibert's Appeal, 23 P. F. S. 359; Cornman's Appeal, 9 Nor. 257.

The opinion of the court was filed May 14th 1883.

PER CURIAM. The appellee was entitled to claim the benefit of the $300 exemption law against the execution in favor of the appellant. He made that claim before the return day of the writ, and in due form. The delay of the sheriff in causing the appraisement to be made, was not caused by the appellee, and his right to the benefit of the exemption was not thereby defeated. Although the appraisement was unduly postponed by the sheriff, yet when made, the benefits thereof vested in the appellee. He is not bound to resort to an action against the sheriff, but may claim the $300 out of the fund produced by a sale of the whole land: Seibert's Appeal, 23 P. F. Smith 359.

Decree affirmed and appeal dismissed at the costs of the appellant.